**DUANE MORRIS LLP**
By:   David S. Tannenbaum (DT-1196)
      Adrienne L. Valencia (AV-2084)
380 Lexington Avenue
New York, NY 10168
212.692.1000
Attorneys for Defendant,
Pinelawn Cemetery

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| N. DAVID SCOTTI AND ASSOCIATED APPRAISERS, INC., | : : : : |
| Plaintiffs, | : : CIVIL ACTION NO. 04-3573 (ADS) (ARL) |
| v. | : : |
| PINELAWN CEMETERY, | : : |
| Defendant. | : : |

## ANSWER

Defendant Pinelawn Cemetery ("Pinelawn"), by its attorneys Duane Morris LLP, hereby answers the Complaint of plaintiffs N. David Scotti and Associated Appraisers, Inc. (collectively, "Plaintiffs") as follows:

### AS TO THE PARTIES

1.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3.   Admit the allegations set forth in paragraph 3 of the Complaint.

## AS TO JURISDICTION AND VENUE

4. Deny the allegations set forth in paragraph 4 of the Complaint, except admit that Plaintiff purports to base the Court's jurisdiction over this matter upon the statute cited therein.

## AS TO THE FACTS COMMON TO ALL COUNTS

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and respectfully refer the Court to the document annexed as Exhibit A to the Complaint for the full and complete terms thereof.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Deny the allegations set forth in paragraph 10 of the Complaint and respectfully refer the Court to the document annexed as Exhibit B to the Complaint for the full and complete terms thereof, as modified by case law and statute.

## AS TO THE FIRST COUNT

11. With respect to paragraph 11 of the Complaint, Defendant repeats and realleges its responses to the allegations of paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Admit the allegations set forth in paragraph 14 of the Complaint and respectfully refer the Court to the copies of the referenced letters (annexed as Exhibit C to the Complaint) for the full and complete terms thereof.

15. Admit the allegations set forth in paragraph 15 of the Complaint and respectfully refer the Court to the copy of the referenced letter (annexed as Exhibit D to the Complaint) for the full and complete terms thereof.

16. Admit the allegations set forth in paragraph 16 of the Complaint.

17. Admit the allegations set forth in paragraph 16 [sic] of the Complaint.

18. Admit the allegations set forth in paragraph 17 of the Complaint.

19. Deny the allegations set forth in paragraph 18 of the Complaint.

20. Deny the allegations set forth in paragraph 19 of the Complaint, except admit that Pinelawn, as collector of the proceeds, has distributions belonging to lawful holders of land share certificates which remain on deposit.

21. Deny the allegations set forth in paragraph 20 of the Complaint.

22. Deny the allegations set forth in paragraph 21 of the Complaint.

23. Deny the allegations set forth in paragraph 22 of the Complaint.

**AS TO THE SECOND COUNT**

24. With respect to paragraph 23 of the Complaint, Defendant repeats and realleges its responses to the allegations of paragraphs 1 through 22 of the Complaint as if fully set forth herein.

25. Deny the allegations set forth in paragraph 24 of the Complaint.

26. Deny the allegations set forth in paragraph 25 of the Complaint, except admit that Pinelawn has not made any payment of distributions to the Plaintiffs.

27. Deny the allegations set forth in paragraph 26 of the Complaint.

28. Deny the allegations set forth in paragraph 26 [sic] of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

## AS TO THE THIRD COUNT

30. With respect to paragraph 28 of the Complaint, Defendant repeats and realleges its responses to the allegations of paragraphs 1 through 27 of the Complaint as if fully set forth herein.

31. Deny the allegations set forth in paragraph 29 of the Complaint.

32. Deny the allegations set forth in paragraph 30 of the Complaint, except admit that Plaintiffs have demanded distributions and Pinelawn has not made any payment of distributions to the Plaintiffs.

33. Deny the allegations set forth in paragraph 31 of the Complaint as stating a proposition of law to which no response is required.

## AS TO THE FOURTH COUNT

34. With respect to paragraph 32 of the Complaint, Defendant repeats and realleges its responses to the allegations of paragraphs 1 through 31 of the Complaint as if fully set forth herein.

35. Deny the allegations set forth in paragraph 33 of the Complaint as stating a proposition of law to which no response is required.

36. Deny the allegations set forth in paragraph 34 of the Complaint.

37. Defendant denies each and every provision of the "WHEREFORE" clause and denies all other allegations not admitted above.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

38. The Complaint fails to state a cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

39. This Court lacks subject matter jurisdiction.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

40. Plaintiffs' claims are barred by laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

41. Plaintiffs' claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

42. Plaintiffs' claims are barred by the applicable statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

43. Plaintiffs' claims are barred because none of the referenced Pinelawn Land Share Certificates are endorsed.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

44. Plaintiffs' claims are barred because none of the referenced Pinelawn Land Share Certificates were ever lawfully transferred by Hertha Heintze, Magdalena Heintze and Camille Heintze in the first instance.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

45. Plaintiffs' claims are barred because the blank stock powers endorsed by Hertha Heintze, Magdalena Heintze and Camille Heintze and presented to Pinelawn by Plaintiffs do not

bear any legend indicating that the referenced stock powers are intended to apply to the referenced Pinelawn Land Share Certificates.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

46. Plaintiffs' claims are barred because the blank stock powers endorsed by Hertha Heintze, Magdalena Heintze and Camille Heintze and presented to Pinelawn by Plaintiffs do not bear any legend as to whom the shares were to be transferred.

WHEREFORE, defendant Pinelawn demands judgment dismissing the Complaint in its entirety, awarding it its costs, including attorneys' fees, and for such other and further relief as this Court deems just and proper.

Dated: November 15, 2004

        DUANE MORRIS LLP

        By: /s/ Adrienne L. Valencia

        David S. Tannenbaum (DT-1196)
        Adrienne L. Valencia (AV-2084)
        380 Lexington Avenue
        New York, NY 10168
        212.692.1000

        Attorneys for Defendant
        PINELAWN CEMETERY

NY\265471.1